UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

FILED - GR
December 27, 2016 11:18 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns / ____ Scanned: ____

ROBERT EUBANKS, #152988

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

v.

CORIZON INC.,
PA KYLE SPERLING,

(Enter above the full name of the defendant or defendants in this action.)

1:16-cv-1461
Paul L Maloney - U.S. District Judge
Phillip J. Green - U.S. Magistrate Judge

## COMPLAINT

I. **Previous Lawsuits**

CAUTION: The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without payment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $400.00 filing fee regardless of whether your complaint is dismissed.

A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility? Yes ___ No **X**

B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

2. Is the action still pending? Yes ___ No ___

   a. If your answer was no, state precisely how the action was resolved: Dismissed without prejudice

3. Did you appeal the decision? Yes ___ No ___

4. Is the appeal still pending? Yes ___ No ___

   a. If not pending, what was the decision on appeal?

5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ___ No ___

   If so, explain: _____

II. **Place of Present Confinement** – Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036

If the place of present confinement is not the place you were confined when the occurrence that is subject of instant lawsuit arose, also list the place you were confined:

- 1 -

B.   If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

2. Is the action still pending?        Yes ___  No ___

   a. If your answer was no, state precisely how the action was resolved: _____

3. Did you appeal the decision?        Yes ___  No ___

4. Is the appeal still pending?        Yes ___  No ___

   a. If not pending, what was the decision on appeal? _____
   _____

5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit?  Yes ___  No ___

   If so, explain: _____

III. Parties

    A. Plaintiff(s)

Place your name in the first blank and your present address in the second blank. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff – Robert Eubanks, #152988

Address – Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036

    B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. If there are more than four defendants, provide the same information for each additional defendant. Attach extra sheets as necessary.

Name of Defendant #1   Corizon Inc.

Position of Title   Healthcare Provider

Place of Employment

Address  6452 Millenium Dr., Ste 100, Lansing, MI 48917

Official and/or personal capacity?   Official and personal capacity (both)

Name of Defendant #2   PA Kyle Sperling

Position of Title   Physician Assistant

Place of Employment – Lakeland Correctional Facility

Address  141 First Street, Coldwater, MI 48846

Official and/or personal capacity?   Official and personal capacity (both)

IV. Statement of Claim

State here the facts of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.

## SEE ATTACHED COMPLAINT

-3-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EUBANKS,

    Plaintiff,

vs.

                                            Case No. _____
                                            Honorable _____

CORIZON INC.,
PA KYLE SPERLING,

    Defendants.
_____/

## COMPLAINT

### Introduction

This is a civil rights action filed by Robert Eubanks, a state prisoner acting in pro per, for damages and injunctive relief under *42 U.S.C. §§ 1983 and 12131*, alleging the defendants discriminated against him in violation of Title II of the Americans with Disabilities Act and subjected him to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Eubanks demands a jury trial.

## Jurisdiction

1. The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under *28 U.S.C. §§ 1331, 1343, 2201* and *2202*, and under *42 U.S.C. §§ 1983, 12131 and 12132*.

## Venue

2. Venue lies in this court under *28 U.S.C. § 1391* because defendants reside or do business in the Western District of Michigan.

## Parties

3. The plaintiff, Robert Eubanks, was incarcerated at the Bellamy Creek Facility and the Lakeland Correctional Facility during the events described in this complaint.

4. Defendant Corizon Inc. is the healthcare provider for the Michigan Department of Corrections (hereafter MDOC), including the Lakeland Correctional Facility. Corizon Inc. is being sued in its personal and official capacity.

5. Corizon has acted, and continues to act, under color of state law at all times relevant to this complaint.

6. Defendant Kyle Sperling, PA., is a Physician's Assistant and Medical Provider (MP) for Lakeland Correctional Facility. Defendant Sperling is a subcontractor and liaison for Corizon Inc. He is being sued in his personal and official capacity.

7. Defendant Sperling has acted, and continues to act, under color of state law at all times relevant to this complaint.

## Procedural Facts

### ISSUE 1

8. Plaintiff Eubanks is visually impaired. Plaintiff is not able to do his own legal work.

He cannot see to write grievances, craft letters, fill out legal forms, research legal issues, or bring his complaint to the court. Every step Plaintiff Eubanks has taken in this case has been through the MDOC Legal Writer Program. Stated otherwise, Plaintiff has had to rely on assistance from the MDOC to sue a company that contracts with the MDOC.

9. Because prison doctors cannot authorize or perform eye surgery themselves, doctors seeking surgery for their patients must submit these requests for off-site "specialty care." Doctors submit these requests to a "network provider," in this case, Corizon, Inc., a private health-management company hired by the State of Michigan to screen requests against approved Michigan Department of Corrections criteria.

10. On 09/06/14, Plaintiff was taken to TLC Eyecare & Laser Centers in Jackson, Michigan for eye surgery on his right eye. Plaintiff was returned to TLC on 09/14/14 to have surgery on his left eye.

11. On 10/02/14, Plaintiff woke up and could not see out of his right eye. At 6:15 am Plaintiff informed a nurse that he could not see out of his right eye. The nurse had the doctor look at the eye. The doctor informed Plaintiff that he was hemorrhaging in his right eye and sent him to the Emergency Room in Coldwater Hospital.

12. They ran tests and the results were that Plaintiff's retina had separated from his eyeball causing blindness. The ER Dr. informed Plaintiff that he needed immediate surgery or would go permanently blind in his right eye. Plaintiff was returned to prison.

13. A few hours later Plaintiff was taken to an eye specialist in Coldwater to have emergency surgery. The specialist refused to do the surgery making the statement he did not want to be accountable for something someone else has done. The only thing he could do was refer Plaintiff back to the person who was responsible for the laser surgery on the eye.

14. On 10/03/14, Plaintiff was taken to TLC. Dr. Purohit, who did the eye surgery, informed Plaintiff he could not do the surgery due to cloudiness in his eye lens. Dr. Purohit explained that a complicated procedure was necessary in order to do the surgery. Dr. Purohit prescribed a treatment plan and sent it back to the prison.

15. Plaintiff was returned to prison. On 10/16/14, Plaintiff lost all vision in his right eye and began losing vision in the left eye. Plaintiff had not received any treatment. Plaintiff filed a grievance.

16. The response to the grievance indicated all Plaintiff's medical concerns have been addressed. Plaintiff had laser surgery on 09/03/14. On 09/10/14 he had left eye cataract surgery. On 10/02/14 he was sent to local ER for headaches and R eye visual loss. He was referred to a local Ophthalmologist on 10/03/14. The provider referred him back to the original specialist that performed the laser surgery. On 10/06/14 approval was received to return to the retinal specialist. He was seen on 10/13/14. No further surgery can be done before he has right eye cataract evaluation. The evaluation has been approved and scheduled.

17. Plaintiff continued to Step II.

18. The response indicated Plaintiff was seen by MP on 11/26/14. Request was made on 12/16/15 (sic) to have cataract removed from right eye. Approval was given on that date. On 12/17/15 (sic) the MP submitted for ophthalmology follow up post cataract removal and this was approved as well. Plaintiff is encouraged to access health care through the health care request process ....01/07/15.

19. Plaintiff continued to Step III. Plaintiff contended he was put in danger of losing eyesight permanently by not following treatment prescribed by Dr. and altering dates.

20. The response states all relevant information within the electronic medical record has

been reviewed. Step I and Step II appropriately addressed this grievance and are affirmed at the Step III appeal....

21. Plaintiff was eventually treated. Nonetheless, as of the date of filing this complaint, Plaintiff cannot see.

22. Plaintiff's vision has been permanently and irreparably damaged by Defendant's dilatory actions. Defendants failed to comply with the care prescribed by the ER Dr., the eye specialist and ultimately Dr. Purohit.

ISSUE II

23. Plaintiff suffers from contractures in the 4th and 5th fingers and his thumb. They cause Plaintiff extreme pain. His Medical Provider (the Dr. at the prison) requested an operation because of pain in hands; finger bones started coming through knuckles. The request was denied. The Dr. made 2nd request for X-rays and operation. The request was denied. The Dr. made a 3rd request and it was denied. Plaintiff filed a grievance due to pain and suffering.

24. The response indicated that the Dr. sought a surgical consult. It was denied. The response claims pain medicine was ordered by the MP. The response continues stating medication would be reviewed at next visit with MP.

25. Plaintiff appealed to Step II alleging his pain is being ignored.

26. Defendant's response to Step II fails to address the pain issue. It merely states the contractures to 4th and 5th fingers should not affect daily living and mild contracture of thumb is in position of function.

27. Plaintiff appealed to Step III alleging his pain is being ignored.

28. The response states all relevant information within the electronic medical record has been reviewed. Step I and Step II appropriately addressed this grievance and are affirmed at the

Step III appeal....

29. Plaintiff Eubanks continues to live in excruciating pain without use of his hand. Defendants continue to deny treatment for contractures. Defendants deny Plaintiff treatment for the pain caused by the contractures.

## ISSUE III

30. On 10/13/15 Plaintiff was seen for his annual review and TB shot. The nurse examined Plaintiff's foot and scheduled him to see PA Sperling because right big toe had become infected.

31. On 10/14/15 Plaintiff saw PA Sperling. Defendant Sperling stopped Plaintiff from talking about his toe infection. He said, "We need to talk about your hemoglobin levels and need to take you off aspirin." Defendant refused to examine Plaintiff's foot and was not concerned that it was infected.

32. Plaintiff filed a grievance.

33. The response to Step I states a 407 was submitted and not responded to; a second 407 was submitted and approved on 10/15/15. An appointment is being scheduled for the grievant to be evaluated by Podiatry. (A 407 is code for request for specialist consult.)

34. Plaintiff was not told he was being scheduled to be evaluated by Podiatry. Plaintiff appealed to Step II.

35. The response to Step II says Plaintiff was seen on 11/10/15 and told about Podiatry appointment. Plaintiff was approved for orthotic consult diabetic shoes, not tennis shoes. X-rays of left foot were completed on 11/20/15. Plaintiff was seen by Podiatrist 11/20/15.

36. Plaintiff appealed to Step III alleging he was being denied proper treatment.

37. The response states all relevant information within the electronic medical record has

been reviewed. Step I and Step II appropriately addressed this grievance and are affirmed at the Step III appeal....

38. Defendants have provided documented responses to Plaintiff's medical kites which demonstrate contradictions, dissembling and fraud in the responses to Plaintiff's grievances.

39. Plaintiff is being provided with dressings for his infected foot ulcers on a regular basis. Defendants refuse to provide Plaintiff with the proper footwear prescribed by their chosen specialist. The lack of prescribed footwear is the root cause of the reoccurring ulcers on Plaintiff's feet.

## COUNT I

### VIOLATION OF EIGHTH AMENDMENT

40. Eubanks alleges and incorporates herein by reference all allegations contained in the preceding paragraphs of this Complaint.

41. Defendant Corizon Inc. either intentionally, or with deliberate indifference, or with reckless disregard for Eubanks' serious medical needs, and of Eubanks' constitutional rights, did deprive Eubanks of timely approval for prescribed treatment as outlined in Issue 1; immediate surgery for the detached retina; deprived Eubanks of treatment as outlined in Issue 2; treatment for the contractures or treatment for the pain; deprived Eubanks of timely approval for prescribed treatment as outlined in Issue 3; prescribed diabetic shoes that fit properly and do not cause ulcers to his feet.

42. The actions of Defendants were not taken spontaneously in response to an emergency, but were taken under circumstances allowing for deliberation.

43. Defendants' conduct violates plaintiff's protection to be free of cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

44. The constitutional protections these Defendants violated were clearly established at the time that such protections were violated and a reasonable person in Defendants' position would have understood that such conduct violated such protections.

45. Defendants are therefore not entitled to qualified immunity.

46. The conduct of Defendants was a proximate cause of plaintiff's continued blindness, pain and suffering.

47. By virtue of the actions of Defendants, plaintiff is entitled to compensatory and punitive damages.

### Relief Requested

Wherefore, Plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The denial of MP's prescribed treatment of a surgical consult; the delay in providing pain medication; and, repeated assertions contractures should not affect daily living despite complaint spanning more than two years constituted cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution.

2. The delay of approving treatment for Plaintiff's blindness after ER Dr. prescribed emergency treatment by eye specialist, and eye specialist referred Plaintiff back to original eye specialist constituted cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution.

3. Defendants choice of a subcontractor who inadvertently detached Plaintiffs' retina, then intentionally complicated the treatment plan for repair, to take advantage of Defendants' complicated approval process, leaving Plaintiff blind in the process constituted cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution.

4. The delay of approving prescribed treatment and the delay to follow the ER Dr.'s warning caused Plaintiff's blindness and constituted cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution.

B. Issue an injunction ordering defendants to:

1. Provide Plaintiff with prescribed diabetic shoes that do not cause ulcers.

2. Provide Plaintiff with prescribed treatment to end excruciating pain.

C. Award compensatory damages in the following amounts:

   1. $100,000.00 jointly and severally against Defendant Sperling.

   2. $10,000,000.00 jointly and severally against Defendant Corizon Inc.

D. Award punitive damages in the following amounts:

   1. $100,000.00 jointly and severally against Defendant Sperling.

   2. $1,000,000.00 jointly and severally against Defendant Corizon Inc.

E. Grant such other relief as it may appear that plaintiff is entitled.

                                      Respectfully submitted,

                                      /s/ Eubanks

                                      Robert Eubanks, #152988
                                      Lakeland Correctional Facility
                                      141 First Street
                                      Coldwater, MI 49036

DATED: November 23, 2016

### Verification

I declare under the penalty of perjury that the above complaint is true and correct to the best of my knowledge, information and belief.

                                      /s/ Eubanks

                                      Robert Eubanks, #152988
                                      Lakeland Correctional Facility
                                      141 First Street
                                      Coldwater, MI 49036

DATED: November 23, 2016

ROBERT EUBANK #152988
LAKELAND CORRECTIONAL FACILITY
141 FIRST ST.
COLDWATER, MICHIGAN 49036



CLERKS OFFICE
U.S. DISTRICT COURT
FEDERAL BUILDING
110 MICHIGAN NW
GRAND RAPIDS, MI. 49503