UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ROBERT LINDSEY EUBANKS, #152988, | )<br>)<br>) |
| Plaintiff, | )  Case No. 1:16-cv-1461<br>) |
| v. | )  Honorable Paul L. Maloney<br>) |
| CORIZON, INC., | )<br>) |
| Defendant. | )<br>) |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a former state prisoner under 42 U.S.C. § 1983. Corizon, Inc. is the defendant. Plaintiff alleges that defendant was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights by delaying surgery for a detached retina in his right eye, delaying treatment for contractures[1] in his fourth and fifth fingers and thumb, and failing to provide orthopedic footwear. Plaintiff seeks and award of damages and declaratory and injunctive relief.[2]

The matter is before the Court on defendant's motion for summary judgment. (ECF No. 22). Plaintiff opposes defendant's motion. (ECF No. 26, 27, 34, 38). For the reasons set forth herein, I recommend that defendant's motion for summary

---

[1] A contracture is "a permanent shortening (as of muscle, tendon, or scar tissue) producing deformity or distortion." MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/contracture (last visited Jan. 24, 2018).
[2] All other claims have been dismissed. (ECF No. 4, 5).

judgment be granted in part and denied in part. I recommend that the portion of defendant's motion seeking summary judgment based on the affirmative defense of plaintiff's failure to exhaust his available administrative remedies as required by 42 U.S.C 1997e(a) be denied. I recommend that the portion of defendant's motion seeking summary judgment on the merits be granted, and that judgment be entered in defendant's favor on all plaintiff's claims.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with

affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at * 4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that

no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Standards Applicable to the Affirmative Defense
of Failure to Exhaust Remedies**

Defendant has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion

is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly

exhausted" for purposes of filing a section 1983 action in federal court.  548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[3]  In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies.  *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure."  *Napier*, 636 F.3d at 224.  An argument that it would have been futile to file a grievance does not suffice.  Assertions of futility do not excuse plaintiff from the exhaustion requirement.  *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

---

[3]A copy of the policy directive is found in the record.  *See* ECF No. 22-5, PageID.146-52.

**Proposed Findings of Fact**

The following facts are beyond genuine issue.  Plaintiff was an inmate held in the custody of the Michigan Department of Corrections at all times relevant to his claims.

A. <u>Medical Care</u>

Plaintiff has a number of medical problems related to his diabetes.  He has received extensive health care, including multiple surgeries.  (ECF No. 24-1, PageID.179-214; ECF No. 24-2, PageID.215-321; ECF No. 24-3, PageID.322-331) No. 24, PageID.179-331).

1. Eye Care

On September 6, 2014, he was taken to TLC Eyecare for surgery on his right eye.[4]  (Plf. Aff. ¶ 10, ECF No. 38, PageID.431).  On September 14, 2014, he received cataract surgery on his left eye at the same facility.  (Plf. Aff. ¶ 3, ECF No. 38, PageID.429).

On October 2, 2014, plaintiff reported that he was unable to see out of his right eye.  He was transported from prison to the Coldwater Hospital's emergency room. (Compl. ¶ 11, ECF No. 1, PageID.6).  Plaintiff states that an unidentified doctor told

---

[4] Plaintiff's affidavit and complaint are not properly verified under penalty of perjury because he added limitations that the statements were true and correct to the best of his knowledge, information, and belief. (Compl. ECF No. 1, PageID.12; Plf. Aff., ECF No. 38, PageID.431). "[S]tatements made on belief or on information and belief, cannot be utilized on a summary-judgment motion." *See Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015). Plaintiff expressly invoked 28 U.S.C. § 1746. The Court, in its discretion, will excuse his "stylistic error," *see Ondo*, 795 F.3d at 605, and consider his complaint and affidavit as made under penalty of perjury.

him that his "retina had separated from his eyeball" and that he needed immediate surgery. (*Id.* at ¶ 12, PageID.6). Later that day, plaintiff was taken to an eye specialist. The specialist declined to perform surgery and suggested that plaintiff return to TLC Eyecare. (*Id.* at ¶ 13, PageID.6; Plf. Aff. 5, ECF No. 38, PageID.430).

On October 3, 2014, plaintiff returned to TLC Eye Center. (Compl. at ¶ 14, ECF No. 1, PageID.7). Dr. Purohit informed him that he could not perform the surgery on his detached retina "due to the cloudiness in his eye lens." He also related that a "complicated procedure was necessary in order to do the surgery." (*Id.*)

On October 6, 2014, Corizon approved a consultation request for plaintiff to be examined at TLC Eyecare for possible right eye surgery. (Plf. Aff. ¶¶ 5-6, ECF No. 38, PageID.430). Plaintiff was seen on October 13, 2014, and informed that no surgery could be performed until after his right eye had a cataract evaluation. (Compl. at ¶ 16, ECF No. 1, PageID.7). On October 20, 2014, Corizon approved another surgical consultation. (Plf. Aff. ¶ 7, ECF No. 38, PageID.430).

On November 26, 2014, Dr. Grago at TLC Eyecare recommended that plaintiff have cataract surgery in his right eye first and then his left eye. (Plf. Aff. ¶ 7, ECF No. 38, PageID.430; ECF No. 24-1, PageID.210). On December 16, 2014, Corizon approved plaintiff's right eye cataract surgery. (Plf. Aff. ¶ 9, ECF No. 38, PageID.430). On January 5, 2015, Dr. Purohit examined plaintiff and he likewise recommended that plaintiff have right cataract surgery first before any surgery to address his detached retina. (ECF No. 24-2, PageID.217). On January 14, 2015, plaintiff had the right eye cataract surgery. (Plf. Aff. ¶ 10, ECF No. 38, PageID.431;

ECF No. 24-2, PageID.219).

On January 28, 2015, plaintiff was transported to TLC Eyecare for retinal surgery on his right eye. (Plf. Aff. ¶11, ECF No. 38, PageID.431; ECF No. 24-2, PageID.224).

On July 18, 2016, plaintiff had cataract surgery performed on his left eye. (ECF No. 24-2, PageID.300, 318; ECF No. 24-3, PageID.323). On August 31, 2016, plaintiff received retinal surgery on his left eye. (*Id.* at PageID.325).

2. Contractures

The medical record (ECF No. 24-1, PageID.179-214; ECF No. 24-2, PageID.215-321; ECF No. 24-3, PageID.322-331) is devoid of any complaints by plaintiff seeking medical treatment for contractures in his fourth and fifth fingers and thumb.

3. Shoes

The medical record documents extensive efforts to provide plaintiff with proper footwear. (ECF No. 24-2, PageID.252, 257, 262, 264-69, 280, 288, 314, 318, 321; ECF No. 24-3, PageID.323, 327, 329).

B. Grievances

Plaintiff filed a number of grievances and pursued some of them through a Step III decision before he filed this lawsuit. (ECF No.22-6, PageID.154-69)  Two grievances warrant further discussion.

1. Grievance No IBC-2013-04-1265-12Z3

On April 29, 2013, the grievance coordinator at the Bellamy Creek Correctional Facility (IBC) received a grievance from plaintiff and assigned it Grievance No IBC-2013-04-1265-12Z3. (ECF No. 34-1, PageID.392). In this grievance, plaintiff identified January 25, 2013, as the date of the incident. Plaintiff stated that a doctor at IBC had submitted a request for approval of hand surgeries which had been denied by Dr. Sqire Crizon and Dr. Pandya. Plaintiff also claimed that they refused to give him proper pain medication. (*Id.*). Plaintiff's grievance was denied at Step I. The Step I response noted that plaintiff had a recent evaluation of his contractures on April 25, 2013. Plaintiff was provided with pain medication, but his medical condition did not warrant a surgical consultation. (*Id.* at PageID.393). On June 24, 2013, plaintiff's Step II grievance appeal was denied. The Step II response noted that the contractures of plaintiff's fourth and fifth fingers should not impact his activity of daily living and the mild contracture of his thumb was in a position of function. (*Id.* at PageID.394). Plaintiff pursued an appeal to Step III. On October 2, 2013, his Step III appeal was denied. (*Id.* at PageID.398).

2. Grievance No. LCF-2015-10-906-12D3.

On October 20, 2015, the grievance coordinator at the Lakeland Correctional Facility (LCF) received a grievance from plaintiff and assigned it Grievance No. LCF-2015-10-906-12D3. (ECF No. 34-1, PageID.395). In this grievance plaintiff complained that on October 14, 2015, Dr. Sperling was negligent and deliberately indifferent to his serious medical needs by refusing to examine plaintiff's infected

foot. (*Id.*). Plaintiff's grievance was denied at Step I. The Step I response included a summary of plaintiff's recent treatment and noted his upcoming appointment with a podiatrist. (*Id.* at PageID.396). Plaintiff's Step II appeal was denied. The Step II response also included a summary of plaintiff's recent medical care. (*Id.* at PageID.400). Plaintiff's Step III appeal was denied. Plaintiff's disagreement with the judgment of the treatment recommended by medical care providers did not support a claim of denial of care. (*Id.* at PageID.398).

On December 27, 2016, plaintiff filed this lawsuit.

## Discussion

### I.   Eighth Amendment

A private corporation cannot be held liable under Section 1983 on the basis of *respondeat superior* or vicarious liability. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). Rather, the plaintiff must establish a policy or custom that caused the constitutional violation. *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). Plaintiff was required to prove both that his constitutional rights were violated[5] and that a Corizon policy or custom was the 'moving force' behind the

---

[5] "[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison County, Ky*, 238 F.3d 739, 742 (6th Cir. 2001) (citation and quotation omitted); *see also Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017) (The obviousness standard does not apply in cases where a prisoner claims that he "was denied or delayed in receiving a specific type of medical treatment.") (citation and quotation omitted). Here, plaintiff failed to present verifying medical evidence showing that his medical conditions required treatment at any time before he received it. Moreover, the record is devoid of evidence of any deficiency in plaintiff's medical care. Plaintiff's disagreement with the medical care provided falls far short of supporting

-11-

deprivation of the plaintiff's rights." *Rouster v. County of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014); *see Baker v. Stevenson*, 605 F. App'x 514, 520 (6th Cir. 2015). Plaintiff has not presented evidence on which a reasonable trier of fact could find that any Corizon policy or custom violated his Eighth Amendment rights.

## II. Exhaustion

Defendant raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against it on his claims based on alleged delay in treatment of contractures and denial of orthopedic footwear. (Def. Brief at 10-14, ECF No. 22, Page ID.120-24) as required by 42 U.S.C. § 1997e(a). Plaintiff responded by arguing that he had exhausted his administrative remedies on his claim regarding contractures through Grievance No IBC-2013-04-1265-12Z3 and his claim regarding orthopedic shoes through Grievance No. LCF-2015-10-906-12D3. (Plf. Brief at 6-8, ECF No. 35, PageID.410-12). Defendant's reply brief concedes exhaustion on plaintiff's contractures claim: "Plaintiff submitted records of a grievance regarding his contractures that he pursued through Step III back in 2013. It does appear that Plaintiff exhausted his administrative remedies regarding the 2013 grievance." (Reply Brief at 1, ECF No. 40, PageID.435). It is less clear whether defendant intended to concede exhaustion on plaintiff's shoe claim when it stated as follows: "Plaintiff also submitted a 2015 grievance that appears to have been resolved at Step II when Plaintiff received an orthotic consult for diabetic shoes." (*Id.*). What is

---

an Eighth Amendment claim. *See Anthony v. Swanson*, 701 F. App'x at 463-64; *Hearington v. Pandya*, 689 F. App'x 422, 426-27 (6th Cir. 2017).

clear is that defendant presents no developed argument in its reply brief claiming entitlement to summary judgment based on plaintiff's failure to exhaust his available administrative remedies on these claims. Accordingly, I recommend that this portion of defendant's motion for summary judgment be denied because defendant did not carry its burden on the affirmative defense.

### **Recommended Disposition**

For the reasons set forth herein, I recommend that defendant's motion for summary judgment (ECF No. 22) be granted in part and denied in part. I recommend that the portion of defendant's motion seeking summary judgment based on the affirmative defense of plaintiff's failure to exhaust his available administrative remedies as required by 42 U.S.C § 1997e(a) be denied. I recommend that the portion of defendant's motion seeking summary judgment on the merits be granted and that judgment be entered in defendant's favor on all plaintiff's claims.


Dated:   January 29, 2018            /s/  Phillip J. Green
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge


### **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).