UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT LINDSEY EUBANKS, #152988,  )<br>Plaintiff,  )<br>  )<br>-v-  )<br>  )<br>CORIZON, INC.,  )<br>Defendant.  )<br>_____)  | No. 1:16-cv-1461<br><br>Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND
### ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Robert Eubanks is a prisoner under the control of the Michigan Department of Corrections. He filed this lawsuit alleging violations of his constitutional rights based on the medical treatment he received. Defendant Corizon filed a motion for summary judgment. (ECF No. 22.) The magistrate issued a report recommending the motion be denied as to the assertion that administrative grievances were not exhausted and granted as to the claims on the merits. (ECF No. 52.) Plaintiff filed objections. (ECF No. 53.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are

frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

The magistrate judge summarizes Plaintiff's medical issues and the dates that treatment was provided for each. Plaintiff does not dispute those factual conclusions. The magistrate judge accurately summarized the law for these situations. A plaintiff must show an injury or detrimental effect that was caused by the delay in treatment.

Plaintiff's objections are overruled. Generally, Plaintiff establishes the temporal gap between diagnosis and treatment. But, Plaintiff has not presented evidence establishing a causal connection between whatever maladies he currently suffers currently and the delay in treatment. Plaintiff has presented no evidence concerning the alleged delay in treatment and his contractures or his foot problems. For his retinal detachment claim, Plaintiff points to a letter from Dr. Tom Arendshorst. Assuming, for the sake of argument only, that the Court could consider Dr. Arendshorst's letter (ECF No. 49-1 PageID.471-72), the outcome would not change. Dr. Arendshorst states that the delay in treatment cannot be explained based on the records he has. He also states that, based on the sparse records he has, it is "impossible to understand . . . what part those delays may have played in Mr. Eubank's poor visual outcome." (PageID.472.) Dr. Arendshorst further states that the retinal detachment was likely caused by Plaintiff's diabetic retinopathy and that "[e]ven when care is excellent and speedy it is entirely possible for an eye having a tractional retinal detachment related to proliferative diabetic retinopathy to end up with poor vision." Succinctly put, Dr. Arendshorst does not know whether the delay in treatment caused Plaintiff's current poor vision.

Accordingly, the Report and Recommendation (ECF No. 52) is **ADOPTED** as the Opinion of this Court. Defendant's motion for summary judgment is **GRANTED IN PART**. Defendant is entitled to summary judgment on the merits of Plaintiff's claims and those claims are dismissed. The Court has reviewed the record for the purposes of deciding whether to issue a Certificate of Appealability. Reasonable jurists would not debate whether the Court should have resolved the issues in a different manner. Therefore, a Certificate of Appealability is **DENIED.**

**IT IS SO ORDERED.**

Date: February 14, 2018 　　　　　　　　　　　　　　　/s/ Paul L. Maloney  
　　　　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney  
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge